# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    EMMERT SECOND LIMITED PARTNERSHIP, A Nevada Limited Partnership;<br>(2)    I. A. M. OF PUERTO RICO, INC., A Puerto Rico Corporation;<br>(3)    DURA-STILT SALES LIMITED PARTNERSHIP, A Nevada Limited Partnership**,**<br><br>                    Plaintiffs,<br><br>v<br><br>(1)    DIAMOND WALL, INC,<br><br>                    Defendant**.** | Case No.: CIV-10-00015-C<br>JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIM OF DIAMOND WALL, INC.

Defendant, Diamond Wall, Inc. ("Diamond Wall" and/or "Defendant"), for its Answer to Plaintiffs' Complaint and its counterclaim, alleges and states as follows:

### PARTIES

1. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint, and, therefore, it denies such allegations.

2. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, and, therefore, it denies such allegations.

3. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, and, therefore, it denies such allegations.

4. Defendant admits the allegations of paragraph 4.

### JURISDICTION AND VENUE

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. The sentence contained in Paragraph 6 states a legal conclusion to which no

response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, it denies such allegations.

7. The sentence contained in Paragraph 7 states a legal conclusion to which no response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, it denies such allegations.

## GENERAL STATEMENT OF FACTS

8. Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint and, therefore, it denies such allegations.

9. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint, and, therefore, it denies such allegations.

10. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint, and, therefore, it denies such allegations

11. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint, and, therefore, it denies such allegations.

12. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint, and, therefore, it denies such allegations.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. The sentence contained in Paragraph 16 states a legal conclusion to which no response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in

Paragraph 16 of the Complaint and, therefore, it denies such allegations.

17. The sentence contained in Paragraph 17 states a legal conclusion to which no response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint and, therefore, it denies such allegations.

18. The sentence contained in Paragraph 18 states a legal conclusion to which no response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, it denies such allegations.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement)

19. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint, and, therefore, it denies such allegations.

20. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint, and, therefore, it denies such allegations.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. The sentence contained in Paragraph 24 states a legal conclusion to which no response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, it denies such allegations.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (Deceptive Trade Practices)

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The sentence contained in Paragraph 30 states a legal conclusion to which no response is required. However, to the extent Defendant is required to respond, Defendant provides that it lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint and, therefore, it denies such allegations.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## PLAINTIFFS' COMBINED PRAYER FOR RELIEF

(a) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

(b) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

(c) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

(d) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they

prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

(e) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

(f) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

(g) Defendant denies that Plaintiffs are entitled to any remedy or relief for which they prayed in the Complaint. Furthermore, Defendant prays that Plaintiffs' Complaint be dismissed in its entirety; and that, because this is an exceptional case in that Plaintiffs' allegations are manifestly meritless, Defendant be awarded its reasonable attorneys fees, expenses and costs in this action.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

33. As a defense to each claim for relief stated in the Complaint, Plaintiffs' Complaint fails to state a valid and cognizable claim for relief under applicable law, as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant pleads Rule 12(b)(6) of the Federal Rules of Civil Procedure as a bar to Plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

34. As a defense to each claim for relief stated in the Complaint, Plaintiffs' claims are barred by the applicable statutes of limitation including, without limitation, 17 U.S.C. § 507(b), 35 U.S.C. § 286, and 35 U.S.C. § 287.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

35. As a defense to each claim for relief stated in the Complaint, Plaintiffs have waived their claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

36. As a defense to each claim for relief stated in the Complaint, Plaintiffs' claims are barred by the Equitable Doctrines of laches and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

37. As a defense to each claim for relief stated in the Complaint, Plaintiffs are estopped from recovering on their claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Contribution)

38. Defendant alleges that it is informed and believes, and, based on such information and belief, alleges that Plaintiffs and/or third parties not yet a party to this action, were careless and negligent, and that this carelessness and negligence proximately contributed to the events and losses alleged, if any if it should be found that Defendant was negligent or otherwise at fault, which Defendant expressly denies.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

39. Defendant alleges that Plaintiffs, with full knowledge of the alleged damages, if actually suffered, which is expressly denied, failed to mitigate such damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

40. Defendant alleges that the alleged events and damages, if any, were proximately caused by the negligence and/or other fault or acts of Plaintiffs and/or parties or entities other than Defendant, and, as such, said negligence and/or other fault comparatively reduces the percentage of any liability attributable to Defendant, if it should be found that it was negligent or otherwise at fault, which Defendant expressly denies.

## NINTH AFFIRMATIVE DEFENSE

### (Independent, Intervening or Superseding Causes)

41. Defendant alleges that independent, intervening, and superseding forces and/or actions of Plaintiffs and/or third parties proximately caused or contributed to Plaintiffs' alleged losses or damages, barring recovery from Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Indemnification)

42.. Defendant alleges that, if it is held liable for the events and losses set forth in the Complaint, said liability will be based solely on a derivative form of liability, not resulting from the negligent conduct of Defendant, but rather from an obligation imposed by law. As such, Defendant will be entitled to complete and total implied indemnity from third parties to this action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Copyright Infringement Claim)

43. As a defense to the Copyright Infringement claim stated in the Complaint, Plaintiffs have failed to properly register any works as copyrighted material. Further, upon information and belief, the registrations allegedly obtained by Plaintiffs are invalid and unenforceable. Therefore, the Court lacks subject matter jurisdiction of this action and Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant pleads Rule 12(b)(1) of the Federal Rules of Civil Procedure as a bar to Plaintiffs' claims.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure of Copyright Infringement Claim)

44. As a defense to the Copyright Infringement claim for relief stated in the Complaint, the copyrights alleged in Plaintiffs' Complaint are invalid and have been improperly registered.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure of Copyright Infringement Claim)

45. As a defense to the Copyright Infringement claim for relief stated in the Complaint, to the extent that Defendant is held liable, which liability Defendant expressly denies, any statutory damage award should be reduced because the Defendant's conduct was innocent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Ownership)

46. Defendant alleges that the Plaintiffs cannot substantiate the allegations in the Complaint because the Plaintiffs did not own the rights to exploit the subject image(s) and/or material.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Facts for Damages)

47.     Defendant alleges that neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of damages against Defendant.

## SIXTEETH AFFIRMATIVE DEFENSE

### (Insufficient Facts for Injunctive Relief)

48.     Defendant alleges that neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiffs to injunctive relief against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

49.     Defendant alleges that the Complaint, and each cause of action presented therein, fails to state a claim for which punitive damages may be granted against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Procedural Due Process)

50.     Defendant alleges that the Complaint, to the extent that it seeks punitive or exemplary damages, violates Defendant's rights to procedural due process, under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Oklahoma, and is therefore invalid on its face.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Substantive Due Process)

51.     Defendant alleges that the Complaint, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection against "excess fines," as provided in the Eighth and Fourteenth Amendments of the United States Constitution and the Constitution of

the State of Oklahoma, and violates Defendant's rights to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Oklahoma, and is therefore invalid on its face.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Functional Components)

52. With respect to Plaintiffs' trade dress and related claims, the components of Plaintiffs' products and the products themselves are functional and therefore incapable of secondary meaning or trade dress or trademark significance. Plaintiffs have admitted such in their sales and promotional literature and their assertions to the United States Patent and Trademark Office.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Police Trade Dress)

53. Plaintiffs have also failed to police their alleged trade dress over an extended period of time, thereby further precluding any possible acquired secondary meaning.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

54. Plaintiffs' allegations with respect to copyright infringement are additionally barred by the doctrine of fair use.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (17 U.S.C § 301 and Preemption)

55. Plaintiffs' common law or state statutory counts purporting to broaden Plaintiffs' exclusive rights in the nature of copyright are barred by 17 U.S.C. § 301 and the general doctrine of preemption.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Post-Publication/Pre-Registration Alleged Infringement)

56. Plaintiffs are not entitled to statutory damages under 17 U.S.C § 412 because the alleged infringement, which Defendant denies, commenced after publication and before registration of the copyrighted work which, on information and belief, has a publication date of 1999 and a registration date of 2003 with an alleged infringement, which Defendant denies, commencing in approximately 2002.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

57. Defendant reserves the right to allege further affirmative defenses, as they may become known through the course of discovery.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

58. Defendant incorporates all preceding allegations.

59. An actual and justiciable controversy exists as to the validity of the copyright claim alleged by plaintiffs and as to the claimed trade dress rights.

60. Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. §2201 that Plaintiffs have no trade dress rights on any claimed aspect or components of the products at issue and that each aspect and component is functional. Defendant is also entitled to a declaratory judgment pursuant to 28 U.S.C. §2201 that it has not violated any valid copyright.

WHEREFORE, Defendant prays that a judgment be entered as follows:

1) Dismissal of each and every count of Plaintiffs' Complaint;

2) A declaration that Plaintiffs have no trade dress rights on any claimed aspect or component of the products at issue in this case and that each of such aspects or components is functional;

3) A declaration that Plaintiffs' claims are barred by the above-described affirmative defenses;

4) A declaration that Plaintiffs' allegations are so lacking in merit as to constitute an "exceptional case" under the Lanham Act and equivalent provisions of the Copyright Act and state statutes alleged by Plaintiffs as well as under Rule 11 of the Federal Rules of Civil Procedure and that Defendant is, therefore, entitled to an award of its attorneys fees, and the cost of this action;

5) For such other and further relief as the Court finds just and equitable under the circumstances of this case.

Respectfully submitted,

_____
David E. Keglovits, OBA No. 14259
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: (918) 595-4800
Facsimile: (918) 595-4990

 And

Leslie Lynch, OBA No. 15124
**GABLEGOTWALS**
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101
(405) 235-5500
(405) 235-2875 (Fax)
Email:  llynch@gablelaw.com

And

SEDGWICK, DETERT, MORAN & ARNOLD LLP
JAMES J.S. HOLMES
    California Bar No. 126779
WALTER RAY OWENS, JR.,
    Oklahoma Bar No. 17114
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921
Email:   james.holmes@sdma.com
         walter.owens@sdma.com
*(Pro Hac Vice Motion Pending)*

**Attorneys for Defendant**
**Diamond Wall, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the Following ECF registrants:

Mark K. Stonecipher
Fellers Snider Blankenship Bailey & Tippens
100 North Broadway Ave., Suite 1700
Oklahoma City, OK  73102-8820

s/David E. Keglovits
David E. Keglovits
